## SHELL v. NELSON.
### No. 5050.

Court of Appeal of Louisiana. Second Circuit.
June 4, 1935.

John R. Hunter & Son, of Alexandria, for appellant.

Vinson M. Mouser, of Columbia, for appellee.

MILLS, Judge.

At about 10 o'clock on the night of July 23, 1933, plaintiff, W. E. Shell, in a Ford car driven by his son, was traveling south on paved highway No. 165 between Columbia and Alexandria. The filling station of V. T. Steen is on the east side of this road at a point where it curves to the east, being on what is termed the outside of the curve. There was a distance of 8 feet between the station and the pavement. The Shell car drove to its left into the space and stopped, with its lights burning, to replenish its gasoline supply. Its right-hand wheels were at about the edge of the paving, which, on account of the curve, is at this point of more than the usual width. The front of the station was well illuminated by four electric lights. Steen was behind the car filling the tank. Shell was sitting in it. The boy had gotten out to look after the oil.

At this juncture, a truck coming from the south, driven by defendant, W. I. Nelson, and carrying two companions, crashed head-on into the front of the parked Ford.

Shell brings this suit against Nelson for $300 damages to his car; $3,000 for pain and suffering; and $8,000 for permanent personal injuries.

From a judgment awarding $275 car damages and $3,000 for pain and suffering and permanent injury, defendant prosecutes this appeal. As plaintiff does not answer the appeal and defendant does not complain of the amount awarded, which is reasonable, we are not concerned with the quantum of damages.

The defense offered is that the lights on plaintiff's car were off and only flashed on when the truck was within from 15 to 40 feet of the Ford. The trial judge finds as a fact that the car lights were on all the time. Even if not, the station was well lighted and the car plainly visible for from 150 to 200 yards. Defendant interposes the belated and unpleaded excuse that he was blinded by a car approaching from the north. This testimony was objected to and should have been excluded. The trial judge considered it an afterthought resorted to in the hope of avoiding liability. Defendant also complains that plaintiff's car was parked on its left-hand side of the highway. If at all, it was not more than a foot or two on the paving, in plain view, leaving ample room for defendant's car to pass had he been maintaining a proper lookout and in proper control of his car. Contributory negligence is not pleaded. Plaintiff pleads, and the trial judge finds as a fact, that defendant was under the influence of liquor.

This case presents only issues of fact, as to which the findings of the trial judge are amply supported by the evidence. We find his judgment correct, and it is accordingly affirmed.